## CIRCUIT COURT OF ARLINGTON COUNTY

Jimmie Rex McClellan

     v.

Martha Ann Wolfskill McClellan

August 11, 1988

Case No. (Chancery) 88-08

By JUDGE THOMAS R. MONROE

This cause is before the Court upon the exceptions to the Commissioner's report to whom the same was referred.

A Commissioner in Chancery is appointed for the purpose of assisting the Court, not to replace the Court. The Chancellor does not delegate his judicial function and it is his duty to weigh the evidence according to the correct principles of law and to arrive at its own conclusion. *Hoffecker v. Hoffecker*, 200 Va. 119 (1958); *Higgins v. Higgins*, 205 Va. 324 (1964). A Commissioner's Report is not entitled to great weight when the testimony has been taken in the Commissioner's presence and the Report should not be disturbed unless it is unsupported by the evidence or the conclusions are clearly erroneous. *Parksley National Bank v. Parks*, 172 Va. 169 (1939); *Newton v. Newton*, 202 Va. 96 (1960); *Thrasher v. Thrasher*, 202 Va. 594 (1961).

The issue presented for determination:

Did defendant waive her interest in complainant's pension? I have carefully examined the transcript of the evidence taken, the memoranda submitted by counsel and authorities cited therein.

When viewed in light of familiar principles, I am of the opinion that the report of the Commissioner in Chancery must be and hereby is affirmed.

The Commissioner has reported that "while there is evidence that certain matters involving property division were agreed to by the parties, the Complainant's evidence fails to establish that there was a Property Settlement Agreement between the parties resolving all matters in dispute."

A reading of the transcript fails to conclude that the evidence was sufficient to support a conclusion that defendant waived her interest in complainant's pension.

The Commissioner was present and able to evaluate the credibility of witnesses, their demeanor, veracity and weight of the testimony.

Finding no evidence that the Commissioner's report was plainly wrong, or his conclusions clearly erroneous, the report is affirmed and exceptions taken to his report are overruled.